**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| DOUGLAS BORDLEMAY, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | No. _____ |
| vs. ) ) ) | CASE BELOW: |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) | Second Judicial District Court County of Bernalillo New Mexico |
| Defendant. ) ) | Case No. D-202-CV-2020-06318 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby removes the above-captioned action from the Second Judicial District Court, County of Bernalillo, New Mexico, to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, State Farm states as follows:

**I.     INTRODUCTION**

1.     Plaintiff, for himself and an asserted class of New Mexico State Farm policyholders who have its underinsured motor vehicle ("UIM") coverage, alleges that State Farm breached its contractual and good faith obligations and violated New Mexico law by selling "illusory" minimal limits UIM coverage and denying claims for the benefits of that coverage. Relatedly, Plaintiff claims that State Farm failed to disclose the nature of New Mexico set-off law that influences how UIM payments are made.

2. This case is the third putative class action filed in New Mexico state court purporting to bring such claims against State Farm relating to the UIM component of its "U coverage." The class claims in this case are identical to those in *Schwartz v. State Farm Automobile Insurance Company.*, 1:18-cv-00328 WJ/SCY ("*Schwartz*"), a putative class action filed in 2018 in which the named plaintiff is represented by the same law firm as the Plaintiff's counsel in this case. The claims also overlap with claims in *Palmer v. State Farm Mutual Automobile Ins. Co., et al.*, No. 1:19-cv-00301-WJ/SCY ("*Palmer*"), a competing putative class action brought by a different plaintiffs' firm in 2019 also relating to the UIM component of State Farm's "U coverage." State Farm removed both cases to the federal district court for New Mexico. Both cases were pending before Judge William P. Johnson until they were transferred to Judge Kea W. Riggs.[1]

3. As in *Schwartz* and *Palmer*, State Farm disputes altogether the validity of the claims brought by Plaintiff in this case. The "U coverage" that State Farm sells (which includes pursuant to New Mexico statute coverage for accidents where the at fault driver is either uninsured or underinsured), is fully compliant with New Mexico law. The State Farm policy language

---

[1] Both cases have been stayed. As explained in Judge Johnson's Orders staying *Schwartz* and *Palmer*, there are several other putative class actions in this district asserting similar claims against other insurers. *See Schwartz* Doc. No. 55 (April 15, 2019) and *Palmer* Doc. No. 30 (June 27, 2019). In one such case, *Crutcher v. Liberty Mut. Ins. Co. et al.*, 1:18-cv-412 JCH/KBM, the district court judge certified, and the New Mexico Supreme Court accepted, the following questions:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

The answer to these questions may resolve, or at least refine, substantial issues relating to the claims in these cases that the minimum UIM limits of $25,000 per person/$50,000 per accident is "illusory." Judge Johnson granted State Farm's requests to stay *Schwartz* and *Palmer* for this reason.

specifically identifies the UIM set-off procedure. As alleged and established in *Schwartz* and *Palmer* and incorporated herein, State Farm has made millions of dollars in claim payments to New Mexico insureds under UIM component of "U coverage" at limits of $25,000. Accordingly, Plaintiff is demonstrably incorrect when he alleges that minimal limits UIM coverage at $25,000 limits is worthless. Nonetheless, those allegations put far more than $5,000,000 in controversy so as to satisfy the CAFA aggregate amount in controversy requirement, and State Farm hereby exercises its jurisdictional right to remove this case to federal court.

## II.  BACKGROUND

4. According to the State Court docket, on November 13, 2020, Plaintiff Douglas Bordlemay filed his original Class Action Complaint against State Farm in the Second Judicial District Court, County of Bernalillo, New Mexico, Case No. D-202-CV-2020-06318. Plaintiff never served this original Complaint on State Farm. Instead, Plaintiff filed his Amended Complaint ("Complaint" or "AC") on November 18, 2020 and served the Complaint and summons on the New Mexico Superintendent of Insurance on December 8, 2020. State Farm itself received notice of this service on December 12, 2020. *See* Complete State Court Record including Complaint, Amended Complaint, and Arbitration Certification, attached as **Exhibit 1**.[2] Also attached are the Summons and Letter from the New Mexico Superintendent of Insurance noting acceptance of the filing on behalf of State Farm, attached as **Exhibit 2**.

---

[2] At the time of this filing, the Summons and Return of Service from the New Mexico Superintendent of Insurance were not in the State Court Record. Defendant has attached the Summons and Acceptance of Service as Exhibit 2.

5. Plaintiff alleges that he paid a premium for automobile coverage with State Farm and that policy included UIM coverage limit of $25,000 per person and $50,000 per accident. (AC ¶ 19.) More specifically, as shown by the certified copy of Plaintiff's policy attached hereto as **Exhibit 3**, Plaintiff paid $59.85 in premiums for "U coverage", which coverage in New Mexico and under New Mexico law includes both uninsured ("UM") and underinsured motorist ("UIM") coverages for both bodily injury and property damage. NMSA ¶ 66-5-301.A, B. Contrary to Plaintiff's theory in his Complaint, Plaintiff did not make any separate premium payment for UIM coverage.

6. In selecting his policy limits, Plaintiff chose to purchase *more* than the state-mandated minimum liability limits of $25,000 per person and $50,000 per accident. Instead, Plaintiff purchased liability limits of $100,000 per person and $300,000 per accident. (**Exhibit 3** at SF002.) Accordingly, consistent with New Mexico law, NMSA ¶ 66-5-301, State Farm offered $100,000 / $300,000 in "U coverage," but Plaintiff chose "U coverage" limits of $25,000 / $50,000. (**Exhibit 3** at SF004.) Again, as required under New Mexico law, this "U coverage" included coverage for both UM and UIM coverages for both bodily injury and property damage. NMSA ¶ 66-5-301 (A), (B).

7. Plaintiff alleges that on July 14, 2017, he was involved in a car accident in which the at fault driver was an underinsured motorist whose liability coverage limits were $25,000 and that he "received the full extent of liability coverage . . . carried by" the other driver. (AC ¶¶ 10-11, 17-18.)

8. State Farm has paid millions of dollars since 2014 under the UIM component of "U coverage" in New Mexico where the policyholder had coverage limits at $25,000 per person

for such claims. Nonetheless, in the Complaint, Plaintiff alleges that State Farm breached its contract and good faith obligations with him and alleged members of a putative class of New Mexico insureds when it "solicited and sold superfluous and illusory minimal limits underinsured motorist coverage to [its] insureds (in whole or in part) in violation of New Mexico law, and/or [it] denied claims for the benefits of that coverage." (AC ¶ 1.) Plaintiff further alleges that UIM coverage with limits of $25,000 "will result in a payment of a premium for which no payment of benefits will occur." (AC ¶ 44.)

9. Plaintiff's theory is that because under New Mexico law, the amounts received from the tortfeasor's liability insurance may be "offset" against the UIM limits, if an insured receives $25,000 from the tortfeasor's liability insurer (the New Mexico statutory minimum), then the UIM insurer supposedly is never obliged to make any UIM payment when the UIM limits are at $25,000. (*See* AC ¶¶ 44, 46.)

10. New Mexico law requires the very "offset" about which Plaintiff complains. As the New Mexico Supreme Court put it in *Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, (1985):

> An offset is inherent in our statutory definition of underinsured motorist. The state of being underinsured exists when the aggregate of the insured's uninsured motorist coverage reduced by the tortfeasor's liability coverage is greater than zero. Hence, offset is required. Our statute limits the insured's recovery to the amount of uninsured motorist coverage purchased for the insured's benefit; that amount will be paid in part by the tortfeasor's liability carrier and the remainder by the insured's uninsured motorist insurance carrier. 103 N.M. at 223; *see also* NMSA ¶ 66-5-301(B).

11. In essence, and notwithstanding these requirements of New Mexico law, Plaintiff claims that State Farm should not be able to offset the insurance proceeds its insured receives from the tortfeasor's insurance when assessing whether an UIM payment should be made. Instead,

Plaintiff suggests that the UIM coverage should be paid on top of (or in excess of) the amounts received from the tortfeasor's insurance.

12. State Farm's policy language specifically includes an "offset" provision. (**Exhibit 3** at SF037.) Nonetheless, Plaintiff s alleges that State Farm failed to inform Plaintiff of the New Mexico offset law. (AC ¶¶ 36, 39, 46.)

13. Plaintiff's class definition is very broad and also appears to capture a variety of scenarios, including where UIM coverage limits are higher than $25,000, but an allegedly insufficient payment is made under UIM coverage because of the New Mexico offset procedures. These scenarios appear to be based on Plaintiff's (incorrect) theory that State Farm never makes payment with respect to the first $25,000 of UIM coverage.

14. In addition to his contract claim, Plaintiff also brings claims for breach of the covenant of good faith and fair dealing, negligence, violation of the New Mexico Unfair Trade Practices Act, and violation of the New Mexico Unfair Insurance Practices Act, and he seeks injunctive relief, a declaratory judgment, and punitive damages. (AC ¶ 61-92, 96-109.)

15. Plaintiff seeks an unspecified amount of damages for his individual claims. (AC ¶ 3.)[3]

16. State Farm has not yet filed an answer or other response to the Complaint.

17. As set forth more fully below, this case is properly removed to this Court under

---

[3] Given that Plaintiff does not specify the amount of contract damages he seeks, nor does he quantify the additional relief he seeks (*e.g.*, statutory penalties, punitive damages, treble damages, and attorneys' fees, *see* AC "Wherefore clause" at p. 20-21), it is unclear whether Plaintiff's individual claims satisfy traditional diversity jurisdictional requirements by placing more than $75,000 in controversy. Nevertheless, because CAFA jurisdiction so clearly lies, traditional diversity jurisdiction as to Plaintiff's individual claim is not required to invoke federal jurisdiction.

CAFA and pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because State Farm has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18.   State Farm's removal of this action to this Court is timely.  Plaintiff never served his original Complaint, but then served his Amended Complaint and summons on the New Mexico Superintendent of Insurance on December 8, 2020, of which State Farm received notice on December 12, 2020.  Out of an abundance of caution, this Notice of Removal has been filed within 30 days of the Complaint being served on the New Mexico Superintendent of Insurance.  Thirty days from service is the time allowed to remove under 28 U.S.C. § 1446(b)(1).

19.   Venue is proper in this Court because the Second Judicial District Court of the County of Bernalillo, New Mexico, is located in the District of New Mexico. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court...for the district and division embracing the place where such action is pending").

20.   As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action (*see* **Exhibit 1** and **Exhibit 2**).

21.   As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's Counsel, and a copy is being filed with the Clerk of the District Court of County of Bernalillo, New Mexico.

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

22. Under CAFA, this Court has diversity jurisdiction over any asserted class action[4] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

### A. The Minimal Diversity Requirement Is Satisfied.

23. CAFA's minimal diversity requirement is satisfied. While Plaintiff does not allege State Farm's citizenship, State Farm is a citizen of the State of Illinois. *See Harrell v. Adams*, No. 2:18-CV-00536 WJ/GF, 2018 WL 4442211, at *3 (D.N.M. Sept. 17, 2018); *State Farm Mut. Auto. Ins. Co. v. Guerin*, No. 14-CV-0705 MCA/CG, 2015 WL 13662807, at *1 (D.N.M. June 2, 2015). State Farm is a mutual insurance company organized under the laws of the State of Illinois and maintains its principal place of business in that State. *See* 28 U.S.C. § 1332(c)(1). In particular, for example, State Farm's books and records are maintained in its Illinois home office, its functional departments are headquartered at its Illinois home office, State Farm's federal income tax returns and state premium tax returns are prepared from and filed from its Illinois home office.

24. Plaintiff alleges that he resides in Bernalillo County, New Mexico (AC ¶ 5) and does not allege that he lacks the intent to continue his residence in New Mexico. State Farm

---

[4] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiff asserted his class allegations pursuant to New Mexico's similar class action rule. *See* AC ¶¶ 50, 57-60 (seeking certification of the class pursuant to Rule 1-023(A) & (B)(1), (B)(2) and (B)(3)).

accordingly alleges that Plaintiff is a citizen of New Mexico. Plaintiff also seeks to represent a class comprised of other persons or entities in New Mexico who insured their motor vehicles under State Farm insurance policies, and most of those individuals are also citizens of New Mexico. (*See* AC ¶50.)

25. Because Plaintiff and at least a portion of the alleged putative class members are citizens of states other than Illinois, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

   **B.   CAFA's Asserted Class Size Requirement Is Satisfied.**

26. Far more than 100 individuals would fall within the scope of Plaintiff's proposed class, which is defined to include:

> All persons (and their heirs, executors, administrators, successors, and assigns) who, in the prior six years from the date of filing of this complaint, were a policyholder and/or insured, of a Motor Vehicle Policy issued by defendant where that policy did not and does not provide underinsured coverage paid for by the policyholder, and sold and solicited by the defendant, due to the application of an offset as set forth in NMSA 66-5-301, otherwise known as the New Mexico off set law or being a "difference state".

(AC ¶ 50.) Notably, Plaintiff's proposed class is identical to the proposed class in *Schwartz*.

27. Plaintiff affirmatively asserts in the Complaint that the "members of the [putative class] are so numerous that joinder of all members of the class is impracticable" (AC ¶ 56), and their claims span six years. (AC ¶ 50.) As alleged, therefore, the class satisfies the 100-member minimum class size requirement under CAFA.

28. Moreover, for the year 2014 (which is just one year of Plaintiff's asserted 6-year class period), State Farm's research thus far identified approximately 400 New Mexico claims opened under UIM coverage, with coverage limits of $25,000, where the coverage was

closed with no payment. Therefore, based on 2014 data alone, and based on only a small subset of putative class members, it is clear that Plaintiff's class surpasses the 100-person threshold.

      **C.    The Asserted Class Claims Place More Than $5,000,000 In Controversy.**

29.    State Farm hereby alleges that the proposed class claims asserted in Plaintiff's Complaint raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6).

30.    A notice of removal, like a complaint, need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). In keeping with this approach, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

31.    The only instance when an evidentiary showing is required at removal is if, *after* the defendant has filed the notice of removal, the plaintiff contests, or the court questions, the defendant's allegations. *Dart Cherokee*, 135 S. Ct. at 554. Even then, however, the removing party need only demonstrate jurisdictional facts by a preponderance of the evidence. *Id.* In other words, the defendant need not prove that damages *are* greater than the removal threshold; the defendant need only establish facts showing it is "*possible*" that the requisite amount is "in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original).

32. State Farm certainly disputes that Plaintiff has stated viable claims, or that any damages whatsoever are owed to Plaintiff or the asserted class. But what matters to the jurisdictional inquiry is the amount the class conceivably could recover assuming Plaintiff succeeded in his suit. *See e.g., Dart Cherokee*, 135 S. Ct. at 554; *see also Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 913 (10th Cir. 2016) ("[T]he question at this stage in the proceedings isn't what damages the plaintiff will *likely* prove but what a factfinder *might* conceivably lawfully award.") (emphasis in original).

33. As set forth above, for the year 2014, approximately 400 New Mexico claims were opened under UIM coverage with coverage limits of $25,000, and where the coverage was closed with no payment made under the UIM component of "U coverage." According to Plaintiff's theory, a $25,000 payment is therefore "in play" for each of those 400 claims, amounting to $10,000,000 in controversy for just one year of the alleged 6-year asserted class period. In ruling on a motion to remand in *Palmer*, Judge Johnson found that "if a mere 200 class members were in accidents and entitled to receive the additional payments under the reformed underinsured motorist coverage ($25,000 per policy), the amount in controversy would be satisfied." *See Palmer v. State Farm Mutual Automobile Ins. Co., et al.*, No. 1:19-cv-00301-WJ/SCY, 2019 WL 2647984, at *3 (D.N.M. June 27, 2019).

34. Moreover, this calculation reflects only the scenario with UIM coverage limits at $25,000. As noted above, Plaintiff's class definition is not so limited and therefore includes other scenarios such as where State Farm made UIM payments but (according to Plaintiff) should not have taken an offset for the amounts the liability carrier paid. These scenarios trigger a vast number of UIM claims in New Mexico over the last 6 years. Also, Plaintiff's allegations could be interpreted to challenge the amount of premiums he and members of the alleged class paid. As set

forth in detail in the *Palmer* matter, such allegations would prove another independent basis to establish an amount in controversy in excess of $5,000,000.  *See Palmer*, 2019 WL 2647984, at *3.

35. In addition, these figures do not include other categories of damages asserted by Plaintiff, such as any claim for attorneys' fees (which increase the amount in controversy by 30 to 40%), punitive damages (which increase the amount in controversy by several multiples), and injunctive / declaratory relief (which double the amount in controversy) (*see* AC at 21-22), which would further (and substantially) increase the amount at issue in the litigation.  Similarly, this figure does not include any damages attributable to Plaintiff's claims for breach of the covenant of good faith and fair dealing, negligence, violation of the New Mexico Unfair Trade Practices Act, and violation of the New Mexico Unfair Insurance Practices Act.  (*See* AC at 21-22.)  When the potential damages for these alleged violations and the punitive damages and attorneys' fees recoverable Plaintiff also are taken into consideration, there is no doubt that more than $5,000,000 is at play in this case. *See, e.g.*, *Palmer*, 2019 WL 2647984, at *3 (citing *Barreras v. Travelers Home & Marine Ins. Co.*, No. 12-cv-0354 RB/RHS, 2012 WL 12870348, at *3 (D.N.M. Oct. 17, 2012)).

36. Accordingly, State Farm has shown that Plaintiff's asserted breach of contract damages easily exceeds the CAFA $5,000,000 aggregate damages threshold.[5]

---

[5] Finally, State Farm notes that Plaintiff's counsel has oddly filed two class actions with identical class definitions.  State Farm reserves the right to make further arguments as to the impropriety of these duplicative filings upon learning the reasoning for those filings.

**WHEREFORE**, Defendant State Farm Mutual Automobile Insurance Company hereby removes this action from the Second Judicial District Court, County of Bernalillo, New Mexico, to this Court.

Dated: January 7, 2021

                              GUEBERT GENTILE & PIAZZA P.C.

                              By   */s/ Elizabeth M. Piazza*
                                      Terry R. Guebert
                                      Elizabeth M. Piazza
                                      David S. Ketai
                                      P.O. Box 93880
                                      Albuquerque, NM 87199-3880
                                      (505) 823-2300
                                      tguebert@guebertlaw.com
                                      epiazza@guebertlaw.com
                                      dketai@guebertlaw.com
                                      *Attorneys for Defendant State Farm*

- 14 -

This is to certify that on this 7th day of January 2021, the foregoing Notice of Removal to the United States District Court for the District of New Mexico was filed electronically through the CM/ECF system and a *copy* of the foregoing was emailed to:

Paul M. Dominguez
Ricardo F. Roybal
DOMINGUEZ LAW FIRM LLC
P.O. Box 10865
Albuquerque, NM 87184
(505) 850-5854
paul@dominguez.law
ricardo@dominguez.law
*Attorneys for Plaintiff*


*/s/ Elizabeth M. Piazza*
Terry R. Guebert
Elizabeth M. Piazza
David S. Ketai
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

F:\Clients\0102.524bf\Pleadings\ Notice of Removal.fin 1.6.2021.docx/krg